I concur in the opinion of the chief judge and desire to add the following considerations. Had the mill stood upon the line of the defendant's right of way, there could be no question but that it would serve the purpose and be regarded as an ample fence, and the fact that it stands back from the railroad lands four feet and ten inches does not materially change the situation.
If the plaintiffs or their agent had driven their teams in by the side of the track wholly upon the railroad lands and the horses had escaped upon the track and been killed, it could not be said that they had escaped from lands adjoining the railroad lands or that a fence on the line of the right of way would have afforded any protection. The escape in question was partially from the railroad lands; it was from a point between the platform of the mill and the railroad tracks, and, whilst one of the horses may have stood on land adjoining the defendant's right of way, it does not appear to me as materially changing the situation. A fence would not have afforded a protection to the team, it only would have prevented the *Page 577 
plaintiffs' agent from driving so close to the platform of the mill and forced him to drive in wholly upon the railroad lands.